XAVIER BECERRA
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
TERRY R. PRICE
Deputy Attorney General
State Bar No. 171531
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 738-9533
  Fax:  (619) 645-2581
  E-mail:  Terry.Price@doj.ca.gov
*Attorneys for Defendants*
*Richard Sotelo, Ernest Limon, and Special*
*Agent Ramos*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES ADAMS,** <br><br> Plaintiff, <br><br> v. <br><br> **RICHARD SOTELO, ERNEST LIMON, SPECIAL AGENT RAMOS, and DOES 2-50,** <br><br> Defendants. | Case No.:  3:16-cv-02161-W-NLS <br><br> **DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> Courtroom:      3C <br> Judge:             Hon. Thomas J. Whelan <br> Trial Date:       none set <br> Action Filed:   8/26/2016 |

Defendants Richard Sotelo, Ernest Limon, and Special Agent (Sonia) Ramos ("Defendants"), answer the Third Amended Complaint (DOC # 28) (TAC) as follows:

1.      Answering Paragraph 1, Defendants admit the TAC alleges claims under 42 U.S.C. § 1983 and state law.

2.      Answering Paragraph 2, Defendants admit jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and supplemental jurisdiction under 28 U.S.C. § 1367.

1

3.    Answering Paragraph 3, Defendants admit jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and supplemental jurisdiction under 28 U.S.C. § 1367.

4.    Answering Paragraph 4, Defendants admit venue is proper in the Southern District of California.

5.    Answering Paragraph 5, Defendants admit Plaintiff filed a California Government Claim, and denies the balance of the allegations.

6.    Answering Paragraph 6, Defendants admit Special Agent Ramos drove the car in which Mr. Adams was transferred.

7.    Answering Paragraph 7, Defendants do not have sufficient information at this time to admit or deny the allegations and on that basis deny the allegations.

8.    Answering Paragraph 8, Defendants do not have sufficient information at this time to admit or deny the allegations and on that basis deny the allegations.

9.    Answering Paragraph 9, Defendants do not have sufficient information at this time to admit or deny the allegations and on that basis deny the allegations.

10.   Answering Paragraph 10, Defendants do not have sufficient information at this time to admit or deny the allegations and on that basis deny the allegations.

11.   Answering Paragraph 11, Defendants do not have sufficient information at this time to admit or deny the allegations and on that basis deny the allegations.

12.   Answering Paragraph 12, Defendants admit Richard Sotelo was an agent of the California Department of Justice Firearms Bureau, that Ernest Limon was a supervisor with the California Department of Justice Firearms Bureau, and Special Agent Ramos drove the car which transported Plaintiff after his arrest.  Defendants do not have sufficient information at this time to admit or deny the balance of the allegations and on that basis deny the allegations.

13.   Answering Paragraph 13, Defendants admit Richard Sotelo, Ernest Limon, and SA Ramos were acting within the course and scope of their employment during the events alleged in the SAC.  Defendants do not have

2

sufficient information at this time to admit or deny the balance of the allegations
and on that basis deny the allegations.

14.    Answering Paragraph 14, Defendants deny the allegations.

15.    Answering Paragraph 15, Defendants do not have sufficient information
at this time to admit or deny the allegations and on that basis deny the allegations.

16.    Answering Paragraph 16, Defendants do not have sufficient information
at this time to admit or deny the allegations and on that basis deny the allegations.

17.    Answering Paragraph 17, Defendants do not have sufficient information
at this time to admit or deny the allegations and on that basis deny the allegations.

18.    Answering Paragraph 18, Defendants do not have sufficient information
at this time to admit or deny the allegations and on that basis deny the allegations.

19.    Answering Paragraph 19, Defendants do not have sufficient information
at this time to admit or deny the allegations and on that basis deny the allegations.

20.    Answering Paragraph 20, Defendants admit that Plaintiff was charged
with battery under California Penal Code section 242.

21.    Answering Paragraph 21, Defendants do not have sufficient information
at this time to admit or deny the allegations and on that basis deny the allegations.

22.    Answering Paragraph 22, Defendants do not have sufficient information
at this time to admit or deny the allegations and on that basis deny the allegations.

23.    Answering Paragraph 23, Defendants do not have sufficient information
at this time to admit or deny the allegations and on that basis deny the allegations.

24.    Answering Paragraph 24, Defendants do not have sufficient information
at this time to admit or deny the allegations and on that basis deny the allegations.

25.    Answering Paragraph 25, Defendants deny the allegations.

26.    Answering Paragraph 26, Defendants deny the allegations.  A Criminal
Protective Order – Domestic Violence pursuant to Penal Code § 136.2 was entered.
Defendants do not have sufficient information at this time to admit or deny the
balance of the allegations and on that basis deny the allegations.

3

27. Answering Paragraph 27, Defendants deny the allegations. A Criminal Protective Order – Domestic Violence pursuant to Penal Code § 136.2 was entered. Defendants do not have sufficient information at this time to admit or deny the balance of the allegations and on that basis deny the allegations.

28. Answering Paragraph 28, Defendants believe, and on that basis admit, Plaintiff was served with a copy of the Criminal Protective Order. Defendants do not have sufficient information at this time to admit or deny the balance of the allegations and on that basis deny the allegations.

29. Answering Paragraph 29, Defendants admit the allegations.

30. Answering Paragraph 30, Defendants deny the allegations.

31. Answering Paragraph 31, Defendants admit the allegations.

32. Answering Paragraph 32, Defendants admit the allegations.

33. Answering Paragraph 33, Defendants deny the allegations.

34. Answering Paragraph 34, Defendants deny the allegations.

35. Answering Paragraph 35, Defendants admit the allegations.

36. Answering Paragraph 36, Defendants admit the allegations.

37. Answering Paragraph 37, Defendants admit the allegations.

38. Answering Paragraph 38, Defendants deny the allegations.

39. Answering Paragraph 39, Defendants admit the allegations.

40. Answering Paragraph 40, Defendants deny the allegations.

41. Answering Paragraph 41, Defendants admit the allegations.

42. Answering Paragraph 42, Defendants admit the allegations.

43. Answering Paragraph 43, Defendants admit the decision to seek a search warrant, and deny the balance of the allegations.

44. Answering Paragraph 44, Defendants admit the allegations.

45. Answering Paragraph 45, Defendants deny the allegations.

/ / /

/ / /

4

46.   Answering Paragraph 46, Defendants admit that the existence of a restraining order containing a prohibition on possession of firearms was a material prerequisite for the search warrant.  Defendants deny the balance of the allegations.

47.   Answering Paragraph 47, Defendants deny the allegations that "Sotelo knew the records were consistently in error, and not properly maintained."  The balance of the allegations are vague and argumentative, and Defendants do not have sufficient information at this time to admit or deny such allegations and on that basis deny the allegations.

48.   Answering Paragraph 48, Defendants deny the allegations.

49.   Answering Paragraph 49, Defendants deny the allegations.

50.   Answering Paragraph 50, Defendants deny the allegations.

51.   Answering Paragraph 51, Defendants deny the allegations.

52.   Answering Paragraph 52, Defendants deny the allegations.

53.   Answering Paragraph 53, Defendants admit Plaintiff asked agents to review a copy of the Criminal Protective Order – Domestic Violence, and that Defendants did review the protective order.  Defendants deny the balance of the allegations.

54.   Answering Paragraph 54, Defendants admit seeing a copy of the Criminal Protective Order – Domestic Violence.  Defendants deny the balance of the allegations.

55.   Answering Paragraph 55, Defendants deny the allegations.

56.   Answering Paragraph 56, Defendants deny the allegations.

57.   Answering Paragraph 57, Defendants admit the search warrant was served at approximately 3:50 a.m.

58.   Answering Paragraph 58, Defendants do not have sufficient information at this time to admit or deny such allegations and on that basis deny the allegations.

59.   Answering Paragraph 59, Defendants deny the allegations.

60.   Answering Paragraph 60, Defendants deny the allegations.

1   61.   Answering Paragraph 61, Defendants admit they properly identified

2   themselves and that they had a search warrant.  Defendants deny the balance of the

3   allegations.

4   62.   Answering Paragraph 62, Defendants deny the allegations.

5   63.   Answering Paragraph 63, Defendants admit that Plaintiff was handcuffed

6   by Defendant Sotelo and deny the balance of allegations.

7   64.   Answering Paragraph 64, Defendants admit that Ms. Beltran was

8   handcuffed and deny the balance of allegations.

9   65.   Answering Paragraph 65, Defendants do not have sufficient information

10   at this time to admit or deny such allegations and on that basis deny the allegations.

11   66.   Answering Paragraph 66, Defendants admit Ms. Beltran's children were

12   escorted down the stairs and deny the balance of the allegations.

13   67.   Answering Paragraph 67, Defendants admit Plaintiff was advised he was

14   in violation of a protective order and deny the balance of the allegations.

15   68.   Answering Paragraph 68, Defendants admit Plaintiff insisted Defendants

16   look at his copy of the protective order and deny the balance of the allegations.

17   69.   Answering Paragraph 69, Defendants admit Plaintiff was asked to

18   provide the combination to his gun safe and deny the balance of the allegations.

19   70.   Answering Paragraph 70, Defendants admit the allegations.

20   71.   Answering Paragraph 71, Defendants deny the allegations.

21   72.   Answering Paragraph 72, Defendants admit the allegations.

22   73.   Answering Paragraph 73, Defendants deny the allegations.

23   74.   Answering Paragraph 74, Defendants deny the allegations.

24   75.   Answering Paragraph 75, Defendants deny the allegations.

25   76.   Answering Paragraph 76, Defendants admit the allegations.

26   77.   Answering Paragraph 77, Defendants deny the allegations.

27   78.   Answering Paragraph 78, Defendants deny the allegations.

28   79.   Answering Paragraph 79, Defendants deny the allegations.

1   80.   Answering Paragraph 80, Defendants deny the allegations.

2   81.   Answering Paragraph 81, the allegations are vague and unclear, and

3   Defendants do not have sufficient information at this time to admit or deny such

4   allegations and on that basis deny the allegations.

5   82.   Answering Paragraph 82, Defendants admit photos were taken of the

6   inside of the safe and deny the balance of the allegations.

7   83.   Answering Paragraph 83, Defendants do not have sufficient information

8   at this time to admit or deny the allegations and on that basis deny the allegations.

9   84.   Answering Paragraph 84, Defendants do not have sufficient information

10   at this time to admit or deny the allegations and on that basis deny the allegations.

11   85.   Answering Paragraph 85, Defendants do not have sufficient information

12   at this time to admit or deny the allegations and on that basis deny the allegations.

13   86.   Answering Paragraph 86, Defendants deny the allegations.

14   87.   Answering Paragraph 80, Defendants admit the allegations.

15   88.   Answering Paragraph 81, Defendants admit Plaintiff mentioned his

16   shoulder during the incident and deny the balance of the allegations.

17   89.   Answering Paragraph 80, Defendants admit a second pair of handcuffs

18   was linked to extend the first pair of handcuffs and deny the balance of the

19   allegations.

20   90.   Answering Paragraph 90, Defendants admit Plaintiff was allowed to call

21   his supervisor and deny the balance of the allegations.

22   91.   Answering Paragraph 91, Defendants admit that Mr. Kearsy did not

23   speak to Defendant Limon and deny the balance of the allegations.

24   92.   Answering Paragraph 92, Defendants admit that Mr. Kearsy did not

25   speak to Defendant Sotelo and deny the balance of the allegations.

26   93.   Answering Paragraph 93, Defendants admit that Plaintiff told Defendants

27   he had ammunition and duty gear in his vehicle and deny the balance of the

28   allegations.

7

94. Answering Paragraph 94, Defendants admit that Ms. Beltran was allowed to leave for work and deny the balance of the allegations.

95. Answering Paragraph 95, Defendants admit Plaintiff was taken outside at approximately 6:00 a.m. and deny the balance of the allegations.

96. Answering Paragraph 96, Defendants do not have sufficient information at this time to admit or deny the allegations and on that basis deny the allegations.

97. Answering Paragraph 97, Defendants admit Plaintiff was advised of the charges and deny the balance of the allegations.

98. Answering Paragraph 98, Defendants admit Plaintiff was advised of his rights and deny the balance of the allegations.

99. Answering Paragraph 99, Defendants admit Plaintiff was driven to San Diego Central Jail and deny the balance of the allegations.

100. Answering Paragraph 100, Defendants deny the allegations.

101. Answering Paragraph 86, Defendants deny the allegations.

102. Answering Paragraph 102, Defendants incorporate all prior paragraphs of their Answer.

103. Answering Paragraph 103, Defendants admit Defendant Sotelo obtained a search warrant pertaining to Plaintiff's residence and deny the balance of the allegations.

104. Answering Paragraph 104, Defendants admit the allegations.

105. Answering Paragraph 105, Defendants deny the allegations.

106. Answering Paragraph 106, Defendants deny the allegations.

107. Answering Paragraph 107, Defendants deny the allegations.

108. Answering Paragraph 108, Defendants deny the allegations.

109. Answering Paragraph 109, Defendants incorporate all prior paragraphs of their Answer.

110. Answering Paragraph 110, Defendants deny the allegations.

111. Answering Paragraph 111, Defendants deny the allegations.

8

112. Answering Paragraph 112, Defendants deny the allegations.

113. Answering Paragraph 113, Defendants deny the allegations.

114. Answering Paragraph 114, Defendants deny the allegations.

115. Answering Paragraph 115, Defendants deny the allegations.

116. Answering Paragraph 116, Defendants incorporate all prior paragraphs of their Answer.

117. Answering Paragraph 117, Defendants admit the allegations.

118. Answering Paragraph 118, Defendants admit the allegations.

119. Answering Paragraph 119, Defendants deny the allegations.

120. Answering Paragraph 120, Defendants deny the allegations.

121. Answering Paragraph 121, Defendants deny the allegations.

122. Answering Paragraph 122, Defendants deny the allegations.

123. Answering Paragraph 123, Defendants deny the allegations.

124. Answering Paragraph 124, Defendants deny the allegations.

125. Answering Paragraph 125, Defendants incorporate all prior paragraphs of their Answer.

126. Answering Paragraph 126, Defendants deny the allegations.

127. Answering Paragraph 127, Defendants deny the allegations.

128. Answering Paragraph 128, Defendants deny the allegations.

129. Answering Paragraph 129, Defendants deny the allegations.

130. Answering Paragraph 130, Defendants deny the allegations.

131. Answering Paragraph 131, Defendants deny the allegations.

132. Answering Paragraph 132, Defendants incorporate all prior paragraphs of their Answer.

133. Answering Paragraph 133, Defendants deny the allegations.

134. Answering Paragraph 134, Defendants deny the allegations.

135. Answering Paragraph 135, Defendants deny the allegations.

136. Answering Paragraph 136, Defendants deny the allegations.

137. Answering Paragraph 137, Defendants deny the allegations.

138. Answering Paragraph 138, Defendants incorporate all prior paragraphs of their Answer.

139. Answering Paragraph 139, Defendants deny the allegations.

140. Answering Paragraph 140, Defendants deny the allegations.

141. Answering Paragraph 141, Defendants deny the allegations.

142. Answering Paragraph 142, Defendants deny the allegations.

143. Answering Paragraph 143, Defendants deny the allegations.

144. The Third Amended Complaint does not contain a paragraph 144.

145. Answering Paragraph 145, Defendants deny the allegations.

**AFFIRMATIVE DEFENSE NO. 1**

The Complaint and each cause of action fail to allege facts sufficient to constitute a cause of action.

**AFFIRMATIVE DEFENSE NO. 2**

The Complaint and each cause of action are barred by the statute of limitations of California Code of Civil Procedure § 342 and California Government Code §§ 945.4 and 945.6.

**AFFIRMATIVE DEFENSE NO. 3**

The Complaint and each cause of action are barred by the two-year statute of limitations of California Code of Civil Procedure § 335.1.

**AFFIRMATIVE DEFENSE NO. 4**

The action is barred by the failure to precede the action with a claim as required by California Government Code §§ 945.4, 911.2, 905.2, and 950.2.

**AFFIRMATIVE DEFENSE NO. 5**

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of Plaintiff and others, each and all of whom failed to exercise ordinary care at the times and places alleged in the Complaint.

**AFFIRMATIVE DEFENSE NO. 6**

Should Plaintiff recover damages, the amount thereof should be abated, apportioned and reduced to the extent that any other person's or entity's negligence caused or contributed to damages, if any there were.

**AFFIRMATIVE DEFENSE NO. 7**

At all relevant times, Plaintiff failed to mitigate his injuries and damages, if any there were.

**AFFIRMATIVE DEFENSE NO. 8**

Defendants acted at all times with due care and in good faith.

**AFFIRMATIVE DEFENSE NO. 9:**

Defendants did not act with malicious intent to deprive any person of any constitutional right or to cause any other injury and therefore are not liable.

**AFFIRMATIVE DEFENSE NO. 10**

Defendants had probable cause to seek a warrant, and no duty to further investigate probable cause to seek a warrant.

**AFFIRMATIVE DEFENSE NO. 11**

Defendants may, in good faith, presumptively rely on the records of other governmental entities.

**AFFIRMATIVE DEFENSE NO. 12**

Defendants are not liable for clerical errors of other governmental employees.

**AFFIRMATIVE DEFENSE NO. 13**

Defendants are entitled to qualified immunity.  Defendants acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law.  *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

11

1  **AFFIRMATIVE DEFENSE NO. 14**

2        The Complaint fails to state a cause of action for violation of civil rights, as

3  Plaintiff's alleged deprivation of civil rights was not without due process of law.

4  **AFFIRMATIVE DEFENSE NO. 15**

5        The Complaint fails to state facts sufficient to constitute a cause of action

6  against any Defendant herein in that simple negligence is not a Federal Civil Rights

7  violation.

8  **AFFIRMATIVE DEFENSE NO. 16**

9        There is no imputed liability between public officers in actions under the

10  Federal Civil Rights Act.

11  **AFFIRMATIVE DEFENSE NO. 17**

12        A public employee is not liable for the acts or omissions of another person.

13  (Cal. Gov. Code § 820.8.)

14  **AFFIRMATIVE DEFENSE NO. 18**

15        There is no liability for any injury or damages, if any there were, resulting

16  from an exercise of discretion vested in a public employee, whether or not such

17  discretion be abused.  (Cal. Gov. Code §§ 815.2, 820.2.)

18  **AFFIRMATIVE DEFENSE NO. 19**

19        There is no liability in that the acts alleged in the Complaint, if done at all,

20  were done in the execution and enforcement of the law while exercising due care.

21  (Cal. Gov. Code §§ 815.2, 820.4.)

22  **AFFIRMATIVE DEFENSE NO. 20**

23        There is no liability for injury or damages, if any there were, caused by the

24  instituting or prosecuting of any judicial or administrative proceeding.  (Cal. Gov.

25  Code, §§ 815.2, 821.6.)

26  **AFFIRMATIVE DEFENSE NO. 21**

27        Any physical contact or force used by Defendants was reasonable.

28  / / /

1

## **AFFIRMATIVE DEFENSE NO. 22**

Any physical contact or force used by Defendants was justified.

**WHEREFORE**, Defendants pray that:

1. Judgment be rendered in favor of Defendants and against Plaintiff;

2. Plaintiff take nothing by the Complaint;

3. Defendants be awarded costs of suit incurred herein; and

4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand trial of this matter by jury.

Dated:  March 9, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General


*s/ Terry R. Price*

TERRY R. PRICE
Deputy Attorney General
*Attorneys for Defendants*
*Richard Sotelo, Ernest Limon, and*
*Special Agent Ramos*

TRP:al
SD2016702927
81974169.doc

13

# CERTIFICATE OF SERVICE

Case Name: **Adams, James v. Sotelo, Richard, et al.**   Case No.  **3:16-cv-02161-W-NLS**

I hereby certify that on **March 9, 2018**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT JURY TRIAL DEMANDED

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 9, 2018**, at San Diego, California.

A. Lopez
Declarant

Signature

SD2016702927
81975869.docx