# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ADAMS III<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.<br><br>Defendants. | Case No.: 16cv2161-LAB (AHG)<br><br>**ORDER DENYING EX PARTE MOTION TO FILE UNTIMELY MOTION FOR PARTIAL SUMMARY JUDGMENT** |

This case was originally assigned to District Judge Thomas Whelan. By an order issued November 2, 2018, all dispositive motions were to have been filed by April 5, 2019. (*See* Docket no. 44.) On May 17, 2019, the Court denied Defendants' *ex parte* motion to extend the date, finding no good cause for the extension. (*See* Docket no. 50.) After several continuances, the final pretrial conference was held December 9, and on December 10 Judge Whelan issued the final pretrial order, which scheduled trial to commence on May 27, 2020. (Docket no. 63.) That order set the time for trial at seven days.

On February 14, Judge Whelan recused, and the case was reassigned to the undersigned District Judge. On February 21, the Court issued an order vacating the trial date, notifying the parties it was inclined to set a shorter time for trial, and required the parties to begin drafting a revised proposed final pretrial

order that contemplates a shorter trial. The Court directed the parties to stipulate to as many facts as possible and to the admission of as much evidence as possible, to identify particular issues of fact to be submitted to the jury, and to resolve as many issues of law as possible by either stipulations or motions in limine. The proposed pretrial order was to be lodged in editable electronic format by Thursday, April 30. The Court also ordered counsel to appear for a pretrial conference on Monday, May 18 at 12:00 noon.

Defendants have now filed an *ex parte* motion for leave to file a motion for partial summary judgment, raising the defense of qualified immunity as to two causes of action. (Docket no. 69.)

The Court's February 21 order contemplated motions in limine, not untimely dispositive motions. Because the motion cutoff date passed over a year ago, granting leave to file a dispositive motion now would also effectively amend the scheduling order, implicating Rule 16. Among other things, Rule 16 requires a showing of diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). That showing has not been made. No good cause existed last May (*see* Docket no. 50), and nothing has happened since then to change it. At the time they allowed the deadline to pass, Defendants had no basis for estimating the amount of time that would be allotted for trial. Allowing a late motion now would have the effect of disrupting the pretrial schedule, and delaying still longer the adjudication of this already old case. *See* 28 U.S.C. 476(a)(3) (requiring public reporting of cases pending for longer than three years). The motion is **DENIED**.

The case is not stayed. Counsel are expected to file or lodge documents electronically, and should monitor the Court's website for information about changes to Court operations occasioned by the COVID-19 public emergency. The Court may continue deadlines or order telephonic appearances *sua sponte* based on its own assessment. But counsel's working assumption should be that they must comply with deadlines as set.

If compliance with deadlines becomes impractical or impossible, they should seek relief by joint or *ex parte* motion.

**IT IS SO ORDERED**.

Dated: April 13, 2020

Honorable Larry Alan Burns
Chief United States District Judge